UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

AFD ADVISORS, LLC, et al.,

    Defendants.

No. 13 CV 6420
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Federal Trade Commission has filed a complaint against Defendants AFD Advisors, LLC, AMG Associates, LLC, Park 295 Corp., Cal Consulting, LLC, 9262-2182 Quebec Inc., 9210-7838 Quebec Inc., Dupont, Charles A. Lamborn III, Stephane Scabbe, and Fawaz Sebai for conducting a deceptive telemarketing campaign in violation of § 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a) and four violations of the Telemarketing Sale Rule ("TSR"), 16 C.F.R. Part 310. Currently before the court is Defendants 9262-2182 Quebec Inc., Stephane Scebba, 9210-7838 Quebec Inc., and Fawaz Sebai's motion to dismiss Plaintiff's complaint. For the following reasons, Defendants' motion is denied.

**I.    DISCUSSION**

    A.    Federal Rule of Civil Procedure 8

Rule 8 requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Rule 8(a)(2). While Rule 8 "does not require 'detailed factual allegations,'" it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*quoting Twombly*, 550 U.S. at 555). Notice pleading remains the standard under Rule 8,

and heightened fact pleading is not required to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Pisciotta v. Old Nat'l Bankcorp*, 499 F.2d 629, 633 (7th Cir. 2007).

While specific facts are not necessary to give the defendant the required fair notice of the plaintiff's claim and its grounds, notice pleading requires that a complaint contain more than bare legal conclusions. *Swanson v Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)(quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). A complaint must set forth "sufficient factual matter" to state a "claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While there must be a reasonable expectation that discovery will reveal evidence to support the plaintiff's allegations, a plaintiff's pleading burden corresponds to the amount of information available. *Id.*; *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

The complaint is to be liberally construed in favor of plaintiff. *See* Fed. R. Civ. P. 8(f); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The complaint should not be dismissed unless it appears that Plaintiff could "prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46, 78 S.Ct. at 102; *Forseth v. Vill. of Sussex,* 199 F.3d 363, 368 (7th Cir.2000).

A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice. *See* Fed. R. Civ. P. 10(c). However, in the district court, a party opposing a Rule 12(b)(6) motion may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir.2012)(collecting cases). Plaintiff served on Defendants two volumes of documentary evidence, including seventeen declarations from consumer detailing deceptive practices consumers suffered at the hands of Defendants, declarations of two

2

law enforcement investigators, and a statement by the Vice President of the Better Business Bureau of Wisconsin explaining the corporate defendant's structure and the role each individual played in the scheme. Plaintiff also produced a script allegedly used by Defendants in its telemarketing calls. These documents may be considered in evaluating the sufficiency of Plaintiff's claims.

Defendants argue that the Federal Rule of Civil Procedure 9(b) heightened pleading standard applies here. Rule 9(b) requires that a party pleading fraud or mistake must state a claim with "particularity," generally recognized as the "who, what, when, where, and how" of the claim. *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 446 (7th Cir.2011)(quoting *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 854 (7th Cir. 2009)). Rule 9(b), however, expressly limits this standard to fraud or mistake and states that "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

While the 7th Circuit has not squarely addressed whether a general or heightened pleading standard should be applied to a claim for deceptive conduct, it has applied the Rule 8 general pleading standard to a claim for unfair conduct because neither fraud nor mistake was an element under the Illinois' Consumer Fraud Act. *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services, Inc.*, 536 F.3d 663, 670 (7th Cir.2008). Similarly, because neither fraud nor mistake is an element of deceptive conduct under the FTC Act and the TSR, allegations that provide notice under the relaxed pleading standard of Rule 8 are sufficient. *F.T.C. v. Communidyne*, Case No. 93-cv-6043, 1993 WL 558754, at *2 (N.D.Ill. Dec. 3 1993)("A claim under Section 5(a) of the FTC Act is not a claim of fraud or mistake, so Rule 9(b) does not apply.").

1. Section 5(a) of the FTC Act

Section 5(a) of the FTC Act prohibits "unfair and deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a). To state a claim under § 5(a) of the FTC Act, a plaintiff must allege that the defendant was involved in (1) an act or practice that involved a (2) material misrepresentation or omission that is (3) likely to mislead consumers acting reasonably under the circumstances. *Kraft, Inc. v. F.T.C.,* 970 F.2d 311, 314 (7th Cir.1992), *cert. denied,* 113 S.Ct. 1254 (1993); *F.T.C. v. Amy Travel Service, Inc.,* 875 F.2d 564, 573 (7th Cir.), *cert. denied,* 493 U.S. 954 (1989). A misrepresentation or omission is material if it involves information that is likely to affect a consumer's choice of, or conduct regarding, a product or service. *Id.* at 322. Unlike establishing a claim for fraud, the plaintiff is not required to allege intent to deceive under § 5 of the FTC Act. *F.T.C. v. Bay Area Bus. Council*, 423 F.3d 627, 635.

Plaintiff's Complaint alleges in detail Defendants' telemarketing scheme involving deceptively marketing and selling a medical discount plan primarily to elderly and infirm consumers throughout the United States. Compl. ¶ 17. Plaintiff alleges that Defendants engaged in the practice of contacting consumers and either directly misrepresented or indirectly led consumers to believe that they were affiliated with a United States government program, such as Medicare or Social Security, or the consumer's own medical insurance provider. Compl. ¶¶22-23. Plaintiff contends that Defendants represented that the Defendant had an existing relationship with the, primarily elderly and infirm, consumer and wanted to discuss continuation of a consumer's benefit, enrollment in a new prescription drug discount card offered under consumer's existing insurance, or enrollment in a medical discount plan that would provide consumers with substantial discounts on their prescription drugs. *Id*. at ¶¶ 20-21. Plaintiffs also

allege that Defendants often led consumers to believe that the prescription drug discount card was required for consumers to continue receiving Medicare, Social Security, or medical insurance benefits. Plaintiff alleges that Defendants then asked consumers to "verify" their bank account information and then attempted to obtain recorded verifications of consumers' agreement to purchase and be charged for the prescription drug discount card. *Id*. at ¶ 25. Plaintiff alleges that Defendants debited funds from consumers using "demand draft" checks and sent consumers a package with a purported prescription drug discount card that is available free of charge online—and which Plaintiff alleges typically provides no additional benefit to consumers receiving government or private medical insurance benefits. *Id*. at ¶¶ 30-31.

The Complaint also contains allegations supporting both Defendants Scebba and Sebai's individual liability for the actions of, respectively, 9262-2182 Quebec Inc. and 9210-7838 Quebec Inc. The Complaint alleges that Scebba and Sebai (1) participated directly in, or had some control over, a corporation's deceptive practices, and (2) had actual or constructive knowledge of their practices. *FTC v. World Media Brokers*, 415 F.3d 758, 764 (7th Cir. 2005); *FTC v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 636 (7th Cir. 2005). Plaintiff alleges that Scebba and Sebai "formulated, directed, controlled, had the authority to control, or participated in" the complained-of practices. Compl., at ¶¶ 14, 15.

Defendants argue that Plaintiff failed to plead with specificity and did not pinpoint which acts or practices were violated by which of the ten separate and distinct individuals and companies named in its Complaint, preventing Defendants from properly responding. Defendants further argue that Plaintiff did not allege how any of the Defendants were interrelated or how or whether any had control over or constructive knowledge of, the other named co-defendants' acts or practices. Regardless, Plaintiff is not required to plead each of its allegations

5

with specificity under Rule 8(a) general pleading standards. As Plaintiff has alleged more than "naked assertions devoid of further factual enhancement" sufficient to provide notice of Plaintiff's claims against Defendant, Defendants' motion to dismiss Plaintiff's § 5 claims is denied. *Iqbal*, 556 U.S. at 678.

    2.  Telemarketing Sale Rule Claims

Plaintiff also alleges the following four violations of the Telemarketing Sale Rule ("TSR"), 16 C.F.R. Part 310: (1) Defendants misrepresented that they were calling from, calling on behalf of, or were otherwise affiliated with, a government program such as Medicare or Social Security, or the consumer's medical insurance provider (Count III); (2) Defendants misrepresented that their medical discount plan would provide consumers with substantial discounts on prescription drugs (Count IV); (3) Defendants called consumer numbers that had been registered on the National Do Not Call Registry (Count V); and (4) Defendants failed to disclose truthfully, promptly, and in a clear and conspicuous manner to the recipient of the call certain required disclosures about Defendants' telemarketing campaign, such as the identity of the seller, that the purpose of the call was to sell goods and services, and the nature of the goods and services (Count VI).

Plaintiff's Count III and IV claims mirror its claims on § 5(a) of the FTC Act, and, as discussed, are sufficient on Counts III and IV of the Complaint. Plaintiff additionally alleged in its Complaint, in conjunction with additional documentation on the record, that Defendants had, acting directly or through one or more intermediaries, made numerous calls to telephone numbers on the National Do Not Call Registry, and failed to properly disclose its identity. Compl. at ¶¶ 32-33. Plaintiff has provided Defendants with sufficient notice of Plaintiff's claims

on Counts V and VI and Defendants' motion to dismiss Plaintiff's claims under the TSR is denied.

## II.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied in its entirety.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: January 24, 2014